[Cite as *State v. Coleman*, 2012-Ohio-3843.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

STATE OF OHIO                                          :
                                                                :      Appellate Case No. 24955
          Plaintiff-Appellee                          :
                                                                :      Trial Court Case No. 2010-CR-3950
v.                                                             :
                                                                :
OTTO COLEMAN                                      :      (Criminal Appeal from
                                                                :       Common Pleas Court)
          Defendant-Appellant                      :
                                                                :

. . . . . . . . . . .

**DECISION AND ENTRY**

Rendered on the 24th day of August, 2012

. . . . . . . . . . .

PER CURIAM:

{¶ 1}  This appeal is submitted on briefs for decision on the merits.

{¶ 2}  The court has reviewed the brief filed by defendant-appellant Otto Coleman's assigned counsel, and finds it wholly inadequate.  The argument section of the brief is three pages long.  In the First Assignment of Error, counsel raises both the issue of competency to stand trial and the defense of insanity, but his argument is addressed solely to the competency issue.  And although there was a hearing on the issue of competency at which six witnesses testified, and in the trial court's decision it reviewed that testimony at some length, no transcript of that hearing has been provided.

**{¶ 3}** The Second Assignment of Error in Coleman's brief is: "Appellant's Conviction and Sentencing Is Against the Manifest Weight of the Evidence." The argument in support of this assignment of error lays out the weight-of-the-evidence standard of review, but then returns to the issue of competency, without ever addressing the evidence adduced at trial in support of the conviction and sentence.

**{¶ 4}** In our view, Coleman has not received effective assistance of appellate counsel. Consequently, we hereby remove his assigned counsel (who was assigned by the trial court). In due course, new counsel will be assigned by this court to prosecute Coleman's appeal. When assigned, Coleman's new counsel shall, within twenty days, either file Coleman's initial appellate brief or request supplementation of the record on appeal.

**{¶ 5}** IT IS SO ORDERED.


_____

THOMAS J. GRADY, Presiding Judge


_____

MIKE FAIN, Judge


_____

JEFFREY E. FROELICH, Judge

Copies mailed to:

Mathias H. Heck, Jr.
Kirsten A. Brandt
Montgomery County Prosecutor's Office
301 West Third Street
Dayton, Ohio 45422

Byron K. Shaw
Law Office of Byron K. Shaw
4800 Belmont Place
Huber Heights, OH 45424

Otto Coleman #A655-529
Warren Correctional Institution
P.O. Box 120
Lebanon, OH 45036

Hon. Dennis J. Langer
Montgomery County Common Pleas Court
41 N. Perry Street
Dayton, OH 45422